INHABITANTS OF CAPE ELIZABETH *vs.* ALBERT W. SKILLIN.

Cumberland.    Opinion December 21, 1887.

*Insolvent law.    Taxes.    Discharge.*

A discharge in insolvency does not release the insolvent from arrearages of state, county or town taxes. Such taxes are not affected by a discharge in insolvency.

ON report on agreed statement of facts from superior court.

This was an action of debt brought under the statute for the collection of state, county and town taxes in the town of Cape Elizabeth for the year 1879. No question was raised as to the form of the action or the legality of the assessment of the tax. It was admitted that subsequent to the assessment of the tax said Skillin was, in the insolvent court for Cumberland county, duly adjudged to be an insolvent debtor on his own petition and was, before this action was brought, granted his discharge in due form. This discharge was pleaded in bar of the action and was the only defence. The tax sued on was not proved against the estate of Skillin when in insolvency and his estate paid nothing to creditors.

VOL. LXXIX.    38

On the above acts it was agreed that the court might order default or nonsuit, according to the legal rights of parties.

*N. and H. B. Cleaves and W. R. Anthoine*, for the plaintiff, cited: *U. S.* v. *Herron*, 20 Wall. 251; *U. S.* v. *King*, Wall. C. C. 18; *People* v. *Kerkimer*, 4 Cow. 348; *People* v. *Gilbert*, 18 Johns. 227; *Anonymous*, 1 Atkyns' R. 262; *Richmond* v. *Brown*, 66 Maine, 375; *Saunders* v. *Com'rs*, 10 Gratt. 494; *Com'rs* v. *Hutchinsons*, 10 Penn. 446.

*A. F. Moulton*, for defendant.

The only question at issue is whether an action brought to collect a tax is barred by a discharge in insolvency.

Section 45 of the insolvent law (R. S., c. 70 § 49) provides that, "A discharge in insolvency duly granted shall . . . release the insolvent from all debts, claims, liabilities and demands which were or might have been proved against his estate in insolvency," and such discharge duly pleaded "shall bar all suits brought on any such debts, claims or liabilities as were or might have been proved as aforesaid."

Section 36 of the law (R. S., c. 70, § 40) specifically names a tax as a "claim," saying, "In making a dividend under the preceding section the following claims shall first be paid in full, in their order," . . . "All debts and taxes due to the state or to any county, city or town therein. . ."

No language can be more plain and direct than that which makes a tax a claim which is or may be proved and to which a discharge in insolvency operates as a full and complete bar.

EMERY, J. The question is, whether, in enacting the insolvency statute, and providing for the release of the honest insolvent, "from all debts, claims, liabilities and demands which were or might have been proved against his estate in insolvency," the legislature intended to release him from paying the arrearages of his just taxes for the support of the government.

We think the legislature did not so intend. It is a settled rule of statute construction, that the government is not bound by the words of a statute tending to restrain, or diminish any powers, rights or interests, unless it is named therein, as to be

also bound.    It is old English law, that the crown is not bound by a restraining statute, unless specifically named.

The assessment and collection of taxes is a function of government.    It is essential that each person, under its protection, should promptly pay his share of tax.    That the tax is assessed and collected by town officers makes no difference.    The prompt payment is a duty from the individual to the state.

The insolvency statute contains no words declaratory of an. intention to restrain or diminish the right of the state, or its political sub-divisions to recover arrearages of taxes from. insolvents.    The inference is that the legislature did not so intend,. and that the right to recover unpaid taxes is not thereby abridged. *United States* v. *Herron*, 20 Wall. 251.

*Defendant defaulted.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and HASKELL,. JJ., concurred.