[No. 22388. Department One. December 12, 1930.]

SPOKANE, PORTLAND AND SEATTLE RAILWAY COMPANY, *Respondent*, v. THE STATE OF WASHINGTON, *Appellant*.[1]

*The Attorney General* and *E. P. Donnelly, Assistant,* for appellant.

*Charles A. Hart, Carey & Kerr,* and *Yantis & Brodie,* for respondent.

MAIN, J.—This action was brought by the Spokane, Portland and Seattle Railway Company, a corporation, to recover compensation for damages caused to its right of way and track as the result of blasting done under the direction and supervision of the state highway engineer or his authorized representative. The trial was to the court without a jury, and resulted in findings of fact from which the court concluded that the plaintiff was entitled to compensation for the damage done in the sum of $16,005.80. Judgment was entered for this amount, and the defendant, state of Washington, appeals.

The facts as found by the trial court may be summarized as follows: Prior to the month of November,

[1]Reported in 294 Pac. 231.

1927, there was established, pursuant to law, a certain highway known as the North Bank highway, being State road No. 8, extending through Clark and Skamania counties along the north bank of the Columbia river. On or about August 31, 1927, the state, acting through its highway department, entered into a contract with G. M. Hazard, W. C. Sturgill, S. H. Slocum and C. G. Brownell, a copartnership doing business under the firm name and style of Hazard & Sturgill, under the terms of which contract the copartnership undertook and agreed to complete the clearing, grading and draining of the portion of the highway above mentioned according to the plans and specifications prepared by the state highway department, the work to be done under the direction and supervision of that department or its authorized representative.

The construction of the highway thus contracted for included the blasting out of a shelf or bench for the location of the roadway on the southeasterly side of the bluff or mountain known as Cape Horn, which rises sharply to the height of more than two thousand feet from the Columbia river. The roadway construction was located approximately nine hundred feet above the river. The southerly slope of the mountain and the southwesterly slope of the elevation to the east thereof converge to form a draw or ravine running southerly toward the river, descending in a gradually decreasing grade and narrowing in width as it nears the river.

Across the lower end of the ravine or draw, approximately thirty-five feet above the river, and approximately eight hundred feet below the level of the highway, the railroad company had constructed upon its right of way a railroad grade and roadbed, upon which, for twenty years prior to November 22, 1927, it had maintained and operated a standard gauge railway.

The construction of the highway according to the plans, specifications and contract required the removal and deposit elsewhere of considerable quantities of solid rock, in order, as above stated, to form a ledge or shelf for the roadway upon the face of the mountain, and this necessitated blasting the rock in substantial quantities with heavy explosives and the deposit of the rock upon the sloping face of the ravine or draw immediately below the location of the road.

On or about November 22, 1927, the contractors, in performance of the contract mentioned, and with the concurrence and under the direction and supervision of the state highway engineer or his duly authorized representative, set off blasts of explosive for the purpose of creating a shelf or ledge on the face of the mountain as a location for the highway, and thereupon caused great quantities of rock and material to roll down the face of the mountain and to lodge upon the slope of the ravine, extending in great quantities downward so as to completely cover the slope of the ravine to a point immediately above the railroad grade. Immediately thereafter, and as a direct and necessary result thereof, the surface soil of the ravine, together with the accumulated deposit of rock thereon, began to move at a slow rate of speed downward to and against the railroad grade, and, because of the great quantity of material in motion, the force thereof was such that the railroad grade and roadbed of respondent was not able to stop the movement, and the result was that the railroad grade across the face of the ravine was torn out and carried by the movement of rock and material downward to the foot of the slope and into the Columbia river.

The facts as thus found by the trial court were sustained by the evidence. From the facts stated, it appears that the plans and specifications under which

the work was done contemplated blasting and the removal of large quantities of material, and that the work should be done under the supervision of the state highway engineer or his authorized representative. While the work was thus being done, a blast or blasts were set off which caused the damage for which the railway company seeks compensation.

This case, under the facts stated, falls directly within the case of *Great Northern R. Co. v. State,* 102 Wash. 348, 173 Pac. 40, and upon the authority of that case the railway company was entitled to recover. In that case the damage complained of occurred along a stretch at the base of the Chuckanut mountain, a few miles south of the city of Bellingham. The railroad track there is located along the shore at the base of the mountain. On account of the steepness of the bluff, it was necessary to blast out a shelf for the highway and to dump the material on the hillside and railroad track below. This caused slides, obstructed the track, and did the damage for which compensation was sought. It was there said:

"If the acts which caused the injury were done under, and in consequence of, the direction of the state, then the state is to be regarded as the superior and responsible as such, although it does the work by contract and by the direction of its duly authorized officers."

There was no question of negligence in that case, and there is no such question in the case now before us.

The judgment will be affirmed.

MITCHELL, C. J., PARKER, TOLMAN, and HOLCOMB, JJ., concur.