[No. 23538. *En Banc.* March 23, 1932.]

THE STATE OF WASHINGTON, *Plaintiff*, v. THE SUPERIOR COURT FOR WALLA WALLA COUNTY, JOHN L. SHARPSTEIN, JUDGE, *Respondent.*[1]

*The Attorney General* and *E. P. Donnelly, Assistant,* for plaintiff.

*Louis A. Dyar,* for respondent.

HOLCOMB, J.—C. E. Sayres and others began an action in the superior court for Walla Walla county, wherein Samuel J. Humes, designated in the complaint as state highway director, E. D. Simpson, described therein as a district engineer in the employ of the state highway department, and seven others, employees of the highway director's office, named under fictitious names, were made defendants.

[1]Reported in 9 P. (2d) 70.

In the complaint, plaintiffs alleged their several ownerships of real property abutting on Preston avenue in and without the city of Waitsburg; that the grade of this highway had been legally established and their respective properties improved with reference to the established grade; and that Preston avenue has for some years been a part of the state highway system, and under the control and supervision of the state highway department. After other allegations not material to this inquiry, plaintiffs alleged that the defendants were proceeding to raise the grade of Preston avenue, without legal right and in violation of plaintiffs' constitutional rights as abutting owners, to plaintiffs' damage, and that no proceedings had been had for the purpose of ascertaining the damage which plaintiffs would suffer because of changing the grade. Plaintiffs prayed for an injunction, restraining the defendants from proceeding with the work, and for general relief in the premises.

The trial court issued a temporary restraining order, and, after hearing on an order to show cause, continued the provisions thereof in force, and indicated an intention to grant a permanent injunction. The state of Washington thereupon filed in this court its petition for a writ of prohibition, restraining the superior court for Walla Walla county from proceeding further in that action. In response to an alternative writ, respondent filed herein a demurrer to petitioner's complaint, and also an answer thereto, only questions of law being thereby presented, which raise all questions for decision.

The state, as petitioner, contends that the action pending before the superior court for Walla Walla county is, in fact, an action against the state; and that such an action, under the statute (Rem. 1927 Sup., § 886), must be brought in the superior court for

Thurston county. Respondent contends that the action is not against the state, but has been brought against certain of the state's employees, as individuals, and for that reason may properly be maintained in the county in which the real property owned by plaintiffs is situated.

We are not now concerned with the merits of the principal action, the sole question before us being whether or not, under the record in the action before the superior court, as the same is here presented, the superior court for Walla Walla county has jurisdiction to proceed in the action pending before it. The state of Washington is not named as a party to that action, but it appears from the complaint therein that the defendants are officers and employees of the state, purporting to act in their official capacities in the course of the improvement of a state highway.

In *State ex rel. Pierce County v. Superior Court, Thurston County,* 86 Wash. 685, 151 Pac. 108, this court granted a writ of prohibition, restraining the superior court for Thurston county from proceeding further in an action against two state officers. In the course of its opinion, the court states that it is well settled that the state can fix the forum in which it may be sued, and the statute providing that suits against the state must be brought in the superior court for Thurston county was referred to because its jurisdiction was challenged. The court said:

"The suit in question, while in form a suit against certain of its executive officers in their representative capacities, is in essence and effect a suit against the state. The suit is instituted to restrain these officers, the one from certifying that certain sums payable out of the state treasury has been earned in the performance of a contract in which the state has an interest, and the other from drawing warrants on the state treasury for the payment of such certificates, if any are

so presented to him. The funds involved are the funds of the state. The officers sought to be enjoined have no interest in the funds. They are merely the agents of the state by and through whom the state acts. They are not charged with acting in excess of the authority conferred upon them by law, nor is it charged that the law under which they are acting is for any reason void. The charge is, on the contrary, that a contract in which the state has an interest, and which, if valid, makes a charge upon the state's funds, is void because of fraud in its inception. Clearly we think such a suit, even though brought against its officer, must in effect be a suit against the state.''

The writ was there granted, for the reason that the plaintiff in that action had as a taxpayer no right to maintain such an action. The action had been begun in Thurston county against two state officers, and also against the commissioners of Pierce county and the Washington Paving Company. We carefully pointed out in that case that the funds there involved were the funds of the state, and that the officers were not charged with acting in excess of the authority conferred upon them by law. Here, the contrary is alleged by plaintiffs in the principal action.

Doubtless, it is true that the officers of the state highway department were not acting maliciously or tortiously, and were probably acting innocently, without knowledge that, the grade of the highway having been established, the property of the abutting owners would be damaged by a change of grade.

That a change of an established grade of a street or highway may constitute a damage to the property of abutting owners for which they are entitled to recover, has been consistently held in this state from *Brown v. Seattle,* 5 Wash. 35, 31 Pac. 313, 32 Pac. 214, 18 L. R. A. 161, to *Great Northern Railway Co. v. State,* 102 Wash. 348, 173 Pac. 40. In the last cited case, we

held that the same rules of law, under our constitution, applied to the state as to other municipalities within the state; that the fact that the state did not condemn the owner's property in advance did not absolve it from liability; and that the constitutional provisions were designed to protect all the essential elements of ownership which make property valuable.

Our constitution, Art. I, § 16, prescribes that no private property shall be taken or damaged for public or private use without just compensation having been first made or paid into court for the owner. Under this provision of the constitution, it has been held from an early day that the landowner must not be put to the expense of litigation in order to preserve his constitutional right to have the amount of damages determined by a court in a proceeding to which he is a party. *Adams County v. Dobschlag,* 19 Wash. 356, 53 Pac. 339; *Little v. King County,* 159 Wash. 326, 293 Pac. 438.

Our constitutional provision respecting eminent domain is very strict and positive, and somewhat farther reaching than other similar constitutional provisions we have examined. It certainly would be evaded if, under the legislation permitting persons to sue the state only in Thurston county, in all cases where the state takes or damages private property without first purchasing or condemning and paying into court the damages therefor, landowners from remote corners of this large state were forced to sue in Thurston county for their constitutional damages.

In all such cases, the state goes to the county in which the land is situated to purchase by negotiations or to condemn, if necessary; and it cannot justly be said that these state highway officers, although acting in good faith and innocently, can damage the property of plaintiffs in the original action and compel them

to sue in Thurston county to recover their damages, or to enjoin the state officers from proceeding without legally acquiring the right by contract or condemnation. The state, like any other appropriator of private property, must go to the courts having local jurisdiction of the property. Condemnation actions are strictly local in their character.

A number of cases cited and relied upon by petitioner from other states and the United States supreme court are easily distinguishable from the case before us, because they involve different constitutional and statutory questions, and while controlling in such cases and instructive in their decisions, are of no controlling force and useless to discuss in this case.

Plaintiffs in the original action in this case have constitutional rights which they are entitled to enforce in their local forum and not elsewhere, and the state has no right to violate them if it ultimately be found that their lands are damaged without first purchasing or acquiring the right to damage, by condemnation.

The peremptory writ is denied.

MITCHELL, PARKER, MAIN, HERMAN, MILLARD, and BEELER, JJ., concur.

BEALS, J. (dissenting)—In changing the grade of the state highway, upon which borders the real property owned by the plaintiffs in the action pending before the superior court for Walla Walla county, the state highway director and his subordinates were, in my opinion, performing lawful state work in a lawful manner. It does not appear that they were in any manner physically invading the real property or trespassing thereon. It is true that a change of grade in a street may be a damage to the abutting property, and that the owners of such property may be entitled to recover from the state compensation for such dam-

age. The case with which we are concerned, however, is not based upon any direct physical trespass, but upon the landowners' contention that the change of grade will result in damage.

This court has repeatedly held that, in prosecuting public improvements, "a municipality, whatever its procedure or even lack of procedure, is not a wrong-doer." *Kincaid v. Seattle,* 74 Wash. 617, 134 Pac. 504, 135 Pac. 820. In the same case, it is stated that:

"If the state or its agent, in the prosecution of a public work, takes no more than is necessary, and prosecutes its work without negligence, it is neither a trespasser nor a tort feasor."

This language, it seems to me, exactly fits the situation presented by the landowners' application for an injunction. The state highway director and his subordinates are, as agents of the state, improving a state highway by making therein a reasonable change of grade, and, as far as the record shows, are prosecuting the work without negligence. This being true, it follows that the director and his subordinates were representing the state, and that the suit brought against them is, in fact, an action against the state.

In the case of *Tukwila v. King County,* 99 Wash. 439, 169 Pac. 824, this court, citing many authorities in support of the proposition, said:

"In the present case, King county had the power to condemn a right of way for the purposes of this highway across the lands of the intervener and through a municipal corporation of the fourth class, such as the town of Tukwila. Rem. Code, §§ 5879-8, 5879-18, 5879-19; *State ex rel. Floyd v. Superior Court,* 86 Wash. 410, 150 Pac. 618. Hence we find the county retaining possession of lands which it could have acquired by condemnation proceedings. We have repeatedly held that, where one, such as the county in this case, has the right to condemn property and has taken posses-

sion of it, the original owner's only remedy is to recover compensation for the land so taken and that such owner cannot interfere with the possession by injunction or other proceeding.''

In the opinion of this court in the case of *Wong Kee Jun v. Seattle,* 143 Wash. 479, 255 Pac. 645, 52 A. L. R. 625, the authorities were reviewed and analyzed, and the doctrine of the *Kincaid* case was approved.

It may be that, if agents of the state, in the course of the prosecution of public work, physically invade or trespass upon the property of a citizen, or in a negligent manner perform the work upon which they are engaged, to the damage of private property, such an action as is here being considered might be prosecuted in the superior court of the county in which the property damaged is situated; but, in my opinion, no such case is here presented, and, the state having by statute fixed the forum in which it may be sued, it is my opinion that such an action as that instituted by Mr. Sayres and those associated with him can be brought only in the superior court for Thurston county. For this reason, I dissent from the conclusion reached by the majority.

TOLMAN, C. J., concurs with BEALS, J.