[No. 25645. Department Two. May 22, 1935.]

THE STATE OF WASHINGTON, *on the Relation of G. A. Slade et al., Plaintiff,* v. ROBERT M. JONES, *as Judge of the Superior Court for King County, Respondent.*[1]

*Lloyd W. Shorett* and *Chester C. Adair,* for relators.

*The Attorney General* and *E. P. Donnelly, Assistant,* for respondent.

*F. W. Loomis, amicus curiae.*

HOLCOMB, J.—This action is an original petition for a peremptory writ of mandate to compel the superior court for King county and one of the judges thereof to assume jurisdiction in an action brought in the superior court for that county against the state of Washington.

Relators commenced an action in that court alleging six causes of action for damages done to six parcels of real estate in King county owned by different plaintiffs or marital communities. The complaint alleged that the defendant, state of Washington, had erected

[1]Reported in 45 P. (2d) 30.

a graded highway embankment in the construction of that part of the Sunset highway lying between North Bend and Snoqualmie in King county; that, in so doing, the state acted in its sovereign capacity and for the benefit of the public; that, in erecting the embankment, the state diverted the course of Gardner creek so that the water of that creek flowed upon the lands of the several plaintiffs and flooded them to their damage.

The state entered a special appearance objecting to the jurisdiction of the superior court for King county, and moved to quash service of summons on the ground that jurisdiction in such a case was vested exclusively in the superior court for Thurston county. After argument, respondent judge entered an order quashing service of summons on the sole ground that the superior court for King county was without jurisdiction.

It cannot be questioned that, where the state, acting in its sovereign capacity, takes real estate without first condemning it, the owner may recover damages from the state. *Great Northern Railway Co. v. State,* 102 Wash. 348, 173 Pac. 40; *Spokane, Portland & Seattle Railway Co. v. State,* 159 Wash. 529, 294 Pac. 231.

Relators contend that this case is controlled by our decision in *State v. Superior Court for Walla Walla County,* 167 Wash. 334, 9 P. (2d) 70. That was an injunction case in which the state highway director and employees, as such, were proceeding to change or improve a state highway in such manner that it would damage the real property of the plaintiffs, which conduct it was claimed violated their constitutional rights because no proceeding had been instituted to ascertain compensation to be paid for damages to their property. It was there held that the question of jurisdiction was

controlled by that provision of the constitution, Article I, § 16, prescribing:

"No private property shall be taken or damaged for public or private use without just compensation having been first made, or paid into the court for the owner, . . ."

and that, to determine such compensation by eminent domain proceedings, the state should go to the superior court of the county where the land was located; and until the state acquired the right to do so, its officers, whatever their good faith, might be enjoined from damaging the property. *State ex rel. Pate v. Johns,* 170 Wash. 125, 15 P. (2d) 693.

The state contended in the lower court, with which it agreed, that the action could properly be brought only in Thurston county, by reason of Rem. Rev. Stat., § 886 [P. C. § 6260], reading:

"Any person or corporation having any claim against the state of Washington shall have a right of action against the state in the superior court of Thurston county."

The *Walla Walla County* case, *supra,* was correctly distinguished in the case of *State ex rel. Pate v. Johns, supra.*

These relators may have had good grounds for enforcing their constitutional rights at the time their lands were taken or damaged by the state, but they are now asking solely for damages, which sort of action they have brought. Although that question was not raised in *Great Northern Railway Co. v. State, supra,* nor in *Spokane, Portland & Seattle Railway Co. v. State, supra,* those actions were both brought and maintained in Thurston county. Counsel for plaintiffs in both cases apparently did not doubt that the jurisdiction should be laid in Thurston county.

In *State ex rel. Robinson v. Superior Court,* 181

Wash. 541, 43 P. (2d) 993, we held that an action against a state officer, acting without the scope of his lawful authority, was not one against the state and was properly maintainable in the county where the unlawful acts were being committed, citing as one of the authorities therefor the *Walla Walla* case, *supra*.

This is not such a case, but is an action against the state purely upon money claims. In such cases, the state has an undoubted right to determine the forum in which it will be sued. It has declared that the superior court for Thurston county is the forum in which it consents to be sued upon such money demands as are involved herein.

We conclude that the order of the trial court against which this writ is sought is correct and is affirmed.

The peremptory writ is therefore denied.

MILLARD, C. J., MAIN, BLAKE, and STEINERT, JJ., concur.