[No. 26253. Department Two. December 14, 1936.]

L. D. ULERY *et al., Respondents,* v. KITSAP COUNTY, *Appellant.*[1]

*Maurice D. Bresnan,* for appellant.

*Hoof & Winston,* for respondents.

HOLCOMB, J.—Motions made by respondents in their brief to strike certain parts of the brief of appellant are without merit and are denied.

[1] Reported in 63 P. (2d) 352.

Respondents are the owners of a farm of sixty-two acres on what is known as Lateral Highway No. 2 in Kitsap county and have been in continuous possession since 1928. Twenty acres are on the easterly side and approximately forty acres are on the westerly side of the highway, the farm being the lowest land in a narrow valley.

The original graveled road was constructed in 1914, with a thirty-foot right of way and a width of about fourteen feet, across respondents' land, which ran on a fill about two and a half feet above the surface of the ground. The only ditches along this old road were on respondents' property, and they extended to the south, only, about fifty feet beyond their property. At a point about the center, a wooden culvert ran across the road, draining the water from the easterly portion of respondents' property to the westerly part, which is the only drainage for the easterly portion, and thence in an open ditch for about one hundred feet, where it entered a ten-inch tile drainage system, running in a general southwesterly direction across this and other land for a distance of 2,800 feet, at the end of which the water came to the surface and followed a natural gulley.

Prior to the construction of Lateral Highway No. 2, during the rainy season, water from the surrounding country arrived there only by natural seepage and tended to remain in hummocks along the roadside. Very little, if any, water reached this land other than that which actually fell or came from two springs flowing only during wet weather, which did not remain any length of time and was carried off through the drainage system in time to raise good crops and keep the soil sweet. At no time, while respondents owned the property, did water cover the old road, which had only a two and one-half foot fill. During the early

history, the tile drainage system was closed once or twice for a short time, but for years it had functioned at all times.

In 1930, Kitsap county, through its right of way agent, acquired an additional right of way of thirty feet over respondents' land, by deed, thus extending the old right of way to sixty feet. Other land, adjoining respondents' property, was purchased or condemned, through which cuts were made in higher portions of ground, the fill over their property was raised to seven and one-half feet above the level of the ground and graveled almost the full width of the highway, and constitutes what is now known as Lateral Highway No. 2, which was finished in October, 1932. A concrete culvert eighteen inches in diameter replaced the old wooden culvert, the lower easterly lip of which is 1.4 feet above the level of the land, causing water below this level to remain on the easterly portion of respondents' land until evaporated. As a part of this new highway, ditches 36 inches deep, 16 inches on bottom and 36 inches across the top, were constructed on the right of way at the side of the highway.

Water from surrounding country, which theretofore did not come onto respondents' land, runs into these ditches until they overflow to the north, and thence across other land onto respondents' land to such an extent that, in spite of the additional fill, during extremely rainy seasons it remains on the land until May and to such height that, during the years 1933 and 1934, the water was within two or three inches of the top of the new highway, and in the year 1935 overflowed that highway about a foot. Also, since the construction of this new highway, fences have floated out during the rainy seasons for the first time, and twenty-five acres of respondents' land have been untillable because of sour soil and the water not receding in

time to plant crops. The ditch running from the culvert to the drainage system became partly filled with yellow clay, which had been washed down from the fill of the highway, thus reducing its volume of water.

No claim was filed with appellant for damages. This action was commenced by respondents against appellant within three years after completion of the highway and claimed damages for injuries to the land, loss of crops, fences, the casting of earth on respondents' land and the digging of ditches to save the highway, but no damages were allowed by the trial court except for injuries to the land.

The trial court based the damages to the land upon competent testimony of respondent husband and other witnesses, including an expert for appellant, to the effect that the bottom lands were reasonably worth two hundred dollars an acre, and that, by reason of the waters cast upon it by raising the grade of the road and draining into and upon this land, it has been rendered untillable and its market value reduced three thousand dollars; that the market value of all of respondents' land has been reduced, but allowed damages only in the sum of three thousand dollars. The other facts above recited were supported by substantial testimony, accepted by the court.

Some controversy is raised by the parties as to whether the trial judge visited the land in question; appellant asserted that he did not and respondents that he did. It is unimportant whether he did or not. The affidavit of the trial judge obtained by one of counsel for respondent and attempted to be inserted in the record, after the appeal was taken, on June 30, 1936, is unwarranted and will not be considered. The record can neither be amplified nor minified in any such manner.

Appellant claims that this action was not

brought within the time required by law; but nowhere, by demurrer or by answer, was the question raised below. It is now too late to present that question. *Marshall v. Whatcom County,* 143 Wash. 506, 255 Pac. 654; *Phillips v. Phillips,* 165 Wash. 616, 6 P. (2d) 61.

■ However, the chief question in this case is whether or not the damages allowed by the trial court are constitutional damages or merely damages arising from tortious negligence of appellant, for which a claim should have been duly filed.

Under Art. I, § 16, Washington constitution, it is a condition precedent to the exercise of the power of eminent domain by a county of this state that compensation therefor shall first be made.

The construction of highways by a county is lawful; but a county has no right to construct a highway to the damage of a private citizen of the county, and any use of land for a public purpose which inflicts an injury upon adjacent land, such as would have been actionable by a private owner, is a taking and damaging within the constitution, and the fact that it was not condemned in advance does not absolve it from liability where no negligence is charged in the performance of a governmental duty. *Great Northern R. Co. v. State,* 102 Wash. 348, 173 Pac. 40, L. R. A. 1918E, 987; *Wong Kee Jun v. Seattle,* 143 Wash. 479, 255 Pac. 645, 52 A. L. R. 625; *Marshall v. Whatcom County, supra; Holmquist v. Queen City Const. Co.,* 175 Wash. 681, 27 P. (2d) 1066.

■ The law is well established here that one may not, by artificial means, convey surface and outlaw waters from his land and deposit them on the land of others to their damage. *Whiteside v. Benton County,* 114 Wash. 463, 195 Pac. 519, quoting *Morton v. Hines,* 112 Wash. 612, 192 Pac. 1016. The construction of

Lateral Highway No. 2, although without negligence, brought more water upon respondents' land.

The allowance of damages to the land by the court was well within the testimony and will not be disturbed.

Other assignments of error by appellant have been considered, but do not merit discussion.

The judgment is right and is affirmed.

MILLARD, C. J., TOLMAN, MITCHELL, and BEALS, JJ., concur.