[No. 28405. Department One. June 27, 1941.]

THE STATE OF WASHINGTON, *on the Relation of Vera Thielicke et al., Plaintiff*, v. THE SUPERIOR COURT FOR THURSTON COUNTY, *D. F. Wright, Judge, Respondent*.[1]

[1]Reported in 114 P. (2d) 1001.

*Fred C. Campbell,* for relators.

*The Attorney General, George R. Stuntz* and *R. A. Moen, Assistants,* for respondent.

DRIVER, J.—This is an original proceeding by writ of certiorari to review an order of the superior court for Thurston county denying a motion for change of venue.

The order was entered in an action brought by the relators against the state of Washington for damages which they claimed their real and personal property in King county had sustained from the construction of the tunnel approaches to the Lake Washington pontoon bridge. After the state had answered, the relators moved that the place of trial be changed from Thurston county to King county on the statutory ground that "the convenience of witnesses and the ends of justice would be forwarded by such change." The court denied the motion but recited in its order that

". . . the court would on the admitted facts, in the exercise of its judicial discretion, order the place of trial of said action changed from Thurston County, where it is now pending, to King County, Washington, except for the reason that the court is of the opinion that the court has no power or jurisdiction to order such a change, . . ."

The sole question for determination is whether, under the circumstances just stated, the superior court had the power to order a change of venue.

A sovereign state cannot be sued without its consent. The immunity is absolute, and, when consent is given, it may be qualified or conditional and may specify a particular court in which the permitted actions may be maintained. The principle seems too axiomatic to require citation of supporting authority,

but for a clear, earlier enunciation of it by this court see *State ex rel. Pierce County v. Superior Court,* 86 Wash. 685, 688, 151 Pac. 108.

The foundation for actions against this state was laid by Art. II, § 26, of the constitution: "The legislature shall direct by law in what manner and in what courts suits may be brought against the state." Such a constitutional provision is not self-executing. It does not become operative until the legislature has acted. See subd. IV, pp. 1472, 1474, of the annotation entitled "Consent to suit against state," 42 A. L. R. 1464.

The legislature acted in 1895 by the passage of chapter 95 of the laws of that session. The first sentence of § 1, p. 188, provided that:

"Any person or corporation having any claim against the State of Washington shall have *the right to begin an action* against the state in the superior court of Thurston county." (Italics ours.)

The section, as amended by Laws of 1927, chapter 216, p. 331, § 1, is now embodied in Rem. Rev. Stat., § 886 [P. C. § 6260]. The amendatory act added a proviso to the effect that certain actions affecting real property in which the state is a necessary or proper party may be maintained in the superior court of the county in which the property is situated. It also changed the above-quoted portion of the prior law to read as follows:

"Any person or corporation having any claim against the state of Washington shall have *a right of action* against the state in the superior court of Thurston county." (Italics ours.)

The decisions of this court have uniformly indicated that we regard Rem. Rev. Stat., § 886, as a statute of jurisdiction rather than merely one of venue. We have many times held that, when a suit against the state is commenced in a superior court outside

Thurston county, such court does not have jurisdiction of the action. *State ex rel. Pate v. Johns,* 170 Wash. 125, 15 P. (2d) 693; *State ex rel. Slade v. Jones,* 182 Wash. 94, 45 P. (2d) 30; *Weber v. School Dist. No. 7,* 185 Wash. 697, 56 P. (2d) 707; *State ex rel. Shomaker v. Superior Court,* 193 Wash. 465, 76 P. (2d) 306; *State ex rel. Price v. Peterson,* 198 Wash. 490, 88 p. (2d) 842.

In each of these cases, either the action was ordered dismissed after the service of summons had been quashed or a demurrer to the complaint had been sustained, or this court, on original petition for writ of mandate, declined to require the lower court to assume and exercise jurisdiction. This was done notwithstanding the provisions of Rem. Rev. Stat., § 208 [P. C. § 8542-3], that

"If an action is brought in the wrong county, the action may nevertheless be tried therein unless the defendant, at the time he appears and demurs or answers, files an affidavit of merits and demands that the trial be had in the proper county."

It is significant that in none of the cases was there any intimation or suggestion that the place of trial might be changed to Thurston county, where the action properly should have been started.

Although *State v. Superior Court for Walla Walla County,* 167 Wash. 334, 9 P. (2d) 70, may seem, on first impression, to be contrary to the cited cases, yet it has been construed and distinguished by this court as in harmony with them. In that case, certain land owners sought to enjoin the state highway director from damaging their real property by changing the grade of a state highway without first instituting a condemnation action, as required by the state constitution, to ascertain the compensation to be paid for such damage. It was held that the suit could be maintained in Walla Walla county, where the land was situated.

The case was distinguished in *State ex rel. Pate v. Johns, supra,* as follows:

"There [in the *Walla Walla county* case], *the state was not the real party in interest* entitling it to support its officers whose conduct, though in good faith, was threatening to damage one's private property in violation of the state's own constitution; that kind of a situation creates *no real interest on the part of the state.*" (Italics ours.)

This distinction was again recognized and approved in *State ex rel. Slade v. Jones, supra,* which involved an action *"purely upon money claims"* against the state for damaging real property without first starting condemnation proceedings. We declined to compel the superior court of the county wherein the land was situated to assume jurisdiction and held that the action could be brought only in Thurston county. And in *State ex rel. Robinson v. Superior Court,* 181 Wash. 541, 43 P. (2d) 993, we cited the *Walla Walla* case in support of the conclusion that a suit to enjoin a state officer's threatened action "without the zone, and wholly in excess, of his authority," is not a suit against the state but against such officer.

The relators contend that the governing constitutional and statutory provisions require only that actions against the state be *commenced* in Thurston county, and that such actions, in common with all others, are subject to the general laws authorizing a change of venue. "It is immaterial," they say, "whether Rem. Rev. Stat., sec. 886, P. C. 6260, is a venue statute or confers jurisdiction," as, in either event, the Thurston county superior court has the power, in the exercise of its discretion, to change the place of trial to another county.

As relators point out, we have held in a number of cases involving local actions where the placing of venue was deemed to be jurisdictional, that, after suit

had been started in the proper county, the place of trial could then be changed to serve the convenience of the witnesses or forward the "ends of justice." We do not, however, regard such cases as controlling for the reason that they were all suits against private defendants. An action against the state presents a different situation.

It is a well-established rule of ancient origin that a general statute which tends to restrain or diminish rights and interests should not be construed to apply to the sovereign government unless the same be comprised therein expressly by name or be included by necessary implication. 1 Blackstone's Commentaries, 261 (1 Lewis's ed. 235); 1 Kent's Commentaries (14th ed.), 618; *Cape Elizabeth v. Skillin,* 79 Me. 593, 12 Atl. 543; *Whiting v. Inhabitants of Lubec,* 121 Me. 121, 115 Atl. 896; *Milwaukee v. McGregor,* 140 Wis. 35, 121 N. W. 642; *State v. Milwaukee,* 145 Wis. 131, 129 N. W. 1101; *Morris v. State,* 88 Okla. 189, 212 Pac. 588.

There is nothing either express or implicit in the language of the general change of venue statute (Rem. Rev. Stat., § 209 [P. C. § 8545]) which signifies that it should be applied to suits against the state. Indeed, it could hardly be otherwise in view of the fact that the statute, first enacted as a part of the territorial practice act of 1854, and not amended subsequent to the code of 1881, antedates the adoption of the state constitution. No other statute which expressly provides that a change of venue may be taken in an action against the state has been called to our attention.

There remains for determination, then, only the question whether a legislative intention to that effect inheres as a necessary implication in the statute (Rem. Rev. Stat., § 886 [P. C. § 6260] *et seq.*) authorizing suits against the state. In this connection, an incident in the legislative history of the statute, we think, is

worthy of note. It was introduced in the House of Representatives during the 1895 session of the legislature as House Bill No. 529 (House Journal, 1895, p. 421). After it had passed the House, the bill was amended in the Senate (Senate Journal, 1895, pp. 727, 728), and was then enacted. As originally introduced, the opening sentence of § 1 of the bill was as follows:

"Any person or corporation having any claim against the State of Washington shall have the right to begin an action against the state in *any* superior court *of this state.*" (Italics ours [Printed Bills of the Legislature, Fourth Session, House, 1895].)

It thus appears that, after the bill had been introduced and had passed the House in such form as to authorize actions against the state in *any* superior court, the legislature changed it by amendment to restrict such actions to the superior court *for Thurston county only.* The reason for such legislative action, we think, is apparent.

The superior court for Thurston county sits at Olympia, the state capital, where the state's elective officers and most of its higher appointive officials reside and where they maintain their offices and keep their official records. The state must necessarily bear some expense, inconvenience, and time loss of its officers and employees as the result of its policy of consenting to be sued, but, manifestly, they are minimized by the requirement that such suits be prosecuted at the situs of the state government; and it is equally obvious that, if a change of venue were permitted, this salutary legislative purpose would largely be defeated. With but few exceptions, causes of action against the state arise, and the plaintiffs and their witnesses reside, outside of Thurston county, so that, in most cases, there would be sufficient statutory grounds for the Thurston county

superior court, in the exercise of its discretion, to change the place of trial to some other county.

We, therefore, hold that the statute under consideration (with the exceptions therein specified as to actions affecting real property) designates the superior court for Thurston county as the only superior court in which actions against the state may be either commenced or maintained, and that the general statutes authorizing a change of venue are not applicable to such actions.

The relators have called our attention to the following portion of § 3, chapter 95, Laws of 1895, p. 188, Rem. Rev. Stat., § 888 [P. C. § 6262]: "The action [against the state] shall proceed in all respects as other actions." We are of the opinion that the quoted language means that, in suits against the state, the procedure and practice in the Thurston county superior court, the court in which jurisdiction is vested, shall follow the customary pattern. We do not think it necessarily implies a legislative intent to permit a change of venue in such suits as in other actions.

The order of the superior court denying relator's motion for change of venue is affirmed.

ROBINSON, C. J., STEINERT, BLAKE, and MAIN, JJ., concur.