[No. 754-3.    Division Three.    January 22, 1974.]

DEACONESS HOSPITAL, *Appellant*, v. THE STATE OF WASHINGTON, *Respondent*.

*John D. MacGillivray* and *Paul F. Schiffner* (of *Mac-Gillivray, Jones, Clarke, Schiffner & Johnson*), for appellant.

*Slade Gorton, Attorney General,* and *William G. Boland* and *Michael E. Stevenson, Assistants,* for respondent.

McINTURFF, J.—Plaintiff appeals from an order dismissing its action for lack of jurisdiction.

In its complaint plaintiff alleged a taking or damaging of its property without prior condemnation proceedings, in violation of article 1, section 16 (amendment 9) of the Washington State Constitution, due to the construction of a freeway near plaintiff's property. Plaintiff brought this inverse condemnation action[1] against the state in Spokane County Superior Court. The state moved for dismissal for lack of jurisdiction, arguing the action, being against the state, was required to be brought in Thurston County, under RCW 4.92.010. The motion was heard and a judgment of dismissal was granted.

ISSUE: Under the Washington State Constitution, is an inverse condemnation action for a taking or damaging of private property under article 1, section 16 subject to the provisions of article 2, section 26 and RCW 4.92.010, its executing statute, requiring actions against the state to be brought in Thurston County?

Article 1, section 16 (amendment 9) of the Washington State Constitution provides:

[1]*Martin v. Port of Seattle,* 64 Wn.2d 309, 310 n.1, 391 P.2d 540 (1964), gives a definition of inverse condemnation as follows:

"Inverse condemnation is the popular description of an action brought against a governmental entity having the power of eminent domain to recover the value of property which has been appropriated in fact, but with no formal exercise of the power. *Thornburg v. Port of Portland* (1962), 233 Ore. 178, 376 P. (2d) 100."

EMINENT DOMAIN. Private property shall not be taken for private use, except for private ways of necessity, and for drains, flumes, or ditches on or across the lands of others for agricultural, domestic, or sanitary purposes. *No private property shall be taken or damaged for public or private use without just compensation having been first made,* or paid into court for the owner, and no right-of-way shall be appropriated to the use of any corporation other than municipal until full compensation therefor be first made in money, or ascertained and paid into court for the owner, irrespective of any benefit from any improvement proposed by such corporation, which compensation shall be ascertained by a jury, unless a jury be waived, as in other civil cases in courts of record, in the manner prescribed by law. Whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use be really public shall be a judicial question, and determined as such, without regard to any legislative assertion that the use is public: *Provided,* that the taking of private property by the state for land reclamation and settlement purposes is hereby declared to be for public use.

(Italics ours.)

Article 2, section 26 of the state constitution reads:

SUITS AGAINST THE STATE. The legislature shall direct by law, in what manner, and in what courts, suits may be brought against the state.

RCW 4.92.010[2] in effect at the time of this action provided:

---

[2]RCW 4.92.010 has since been amended to read:

"Any person or corporation having any claim against the state of Washington shall have a right of action against the state in the superior court. The plaintiff in such action shall, at the time of filing his complaint, file a surety bond executed by the plaintiff and a surety company authorized to do business in the state of Washington to the effect that such plaintiff will indemnify the state against all costs that may accrue in such action, and will pay to the clerk of said court all costs in case the plaintiff shall fail to prosecute his action or to obtain a judgment against the state: *Provided,* That in actions for the enforcement or foreclosure of any lien upon, or to determine or quiet title to, any real property in which the state of Washington is a necessary or proper party defendant no surety bond as above provided for shall be required.

"The venue for such actions shall be as follows:

478

Where brought—Cost bond. Any person or corporation having any claim against the state of Washington shall have a right of action against the state in the superior court of Thurston county. The plaintiff in such action shall, at the time of filing his complaint, file a surety bond executed by the plaintiff and a surety company authorized to do business in the state of Washington to the effect that such plaintiff will indemnify the state against all costs that may accrue in such action, and will pay to the clerk of said court all costs in case the plaintiff shall fail to prosecute his action or to obtain a judgment against the state: *Provided,* That actions for the enforcement or foreclosure of any lien upon, or to determine or quiet title to, any real property in which the state of Washington is a necessary or proper party defendant may be commenced and prosecuted to judgment against the state in the superior court of the county in which real property is situated, and that no surety bond as above provided for shall be required in any such action: *Provided further,* That actions on a claim arising out of tortious conduct may be commenced against the state in the superior court of Thurston county, the county in which the claim arises, or the county in which the plaintiff resides. Such action shall be subject to a change of venue as provided by law.

■ Initially, we must answer the question of whether article 1, section 16 is self-executing. In *Kincaid v. Seattle,* 74 Wash. 617, 626, 134 P. 504, 135 P. 820 (1913), the court intimated the self-executing nature of this constitutional provision by stating: "The constitutional right to compen-

"(1) The county of the residence or principal place of business of one or more of the plaintiffs;

"(2) The county where the cause of action arose;

"(3) The county in which the real property that is the subject of the action is situated;

"(4) The county where the action may be properly commenced by reason of the joinder of an additional defendant; or

"(5) Thurston County.

"Actions shall be subject to change of venue in accordance with statute, rules of court, and the common law as the same now exist or may hereafter be amended, adopted, or altered.

"Actions shall be tried in the county in which they have been commenced in the absence of a seasonable motion by or in behalf of the state to change the venue of the action."

sation cannot be taken away, for the right to redress the wrong does not and cannot be made to depend upon statute law." In interpreting a similar California constitutional provision,[3] the court in *Bacich v. Board of Control*, 23 Cal. 2d 343, 346, 144 P.2d 818, 821 (1944) stated more pointedly:

> The instant action is predicated upon the constitutional provision that private property may not be taken or damaged for a public purpose without the payment of just compensation. (Cal. Const., art. I, sec. 14.) *That clause of the Constitution is self-executing and hence neither consent to sue the State nor the creation of a remedy by legislative enactment is necessary to obtain relief thereunder* (*Rose* v. *State of California*, 19 Cal.2d 713, [123 P.2d 505]).

(Italics ours.)

We hold that article 1, section 16 (amendment 9) of the Washington State Constitution is similarly self-executing, and therefore not dependent upon legislative enactment before exercise of rights protected under it. This constitutional provision, by its self-executing nature, directly conflicts with any unreasonable legislative burdens or restrictions upon the exercise of this constitutional provision. More specifically, is the legislature empowered to impose a jurisdictional venue requirement necessitating actions for a taking or damaging of property, under article 1, section 16, be brought in Thurston County? We answer in the negative.

██ The legislature has made claim-filing a condition precedent to enforcement of the right of action against the state under RCW 4.92.010. *O'Donoghue v. State*, 66 Wn.2d 787, 405 P.2d 258 (1965). However, the legislature does not

---

[3]Article 1, section 14 of the California State Constitution provides in pertinent part: "Eminent domain; just compensation; rights of way; reservoirs; payment of or security for compensation; logging or lumbering railroads.

"Sec. 14. Private property shall not be *taken or damaged* for public use without just compensation having first been made to, or paid into court for, the owner, . . ." (Italics ours.)

have the power to limit enforcement of article 1, section 16 rights by imposition of a claim-filing requirement. *Decker v. State,* 188 Wash. 222, 62 P.2d 35 (1936); *Ulery v. Kitsap County,* 188 Wash. 519, 63 P.2d 352 (1936); *Jacobs v. Seattle,* 100 Wash. 524, 171 P. 662 (1918). From this it is apparent that the legislature may not substantially impair article 1, section 16 rights, nor place an unreasonable burden on their exercise. We do not say that every legislative condition placed upon the exercise of rights granted under a self-executing constitution provision is unconstitutional. For example, a 3-year statute of limitations is applied to actions for a constitutional damaging under article 1, section 16 (amendment 9). *Ackerman v. Port of Seattle,* 55 Wn.2d 400, 348 P.2d 664, 77 A.L.R.2d 1344 (1960).

Condemnation actions have been held to be local in nature. *State v. Superior Court,* 167 Wash. 334, 9 P.2d 70 (1932). At pages 338-39 the court stated:

> Our constitutional provision respecting eminent domain is very strict and positive, and somewhat farther reaching than other similar constitutional provisions we have examined. It certainly would be evaded if, under the legislation permitting persons to sue the state only in Thurston county, in all cases where the state takes or damages private property without first purchasing or condemning and paying into court the damages therefor, landowners from remote corners of this large state were forced to sue in Thurston county for their constitutional damages.
>
> In all such cases, the state goes to the county in which the land is situated to purchase by negotiations or to condemn, if necessary; and it cannot justly be said that these state highway officers, although acting in good faith and innocently, can damage the property of plaintiffs in the original action and compel them to sue in Thurston county to recover their damages, or to enjoin the state officers from proceeding without legally acquiring the right by contract or condemnation. The state, like any other appropriator of private property, must go to the courts having local jurisdiction of the property. *Condemnation actions are strictly local in their character.*

(Italics ours.) This case does not answer the instant ques-

tion of whether an inverse condemnation action can be brought locally since it was an action seeking injunctive relief under article 1, section 16. However, the fact that condemnation proceedings are local in nature is a significant factor to consider in determining if the jurisdictional venue provisions of RCW 4.92.010 constitute an impermissible restriction or burden on plaintiff's constitutional rights.

To hold that RCW 4.92.010 is applicable to actions for inverse condemnation would overlook the clear burden imposed upon plaintiff in the exercise of its constitutional rights. To find a legislative mandate that inverse condemnation actions must be brought in Thuston County would impose a greater restriction on rights under article 1, section 16 (amendment 9) than the claim-filing requirement previously held impermissible. Further, the practical effect of holding that the legislature can impose such a burden requiring the action be brought in Thurston County, would allow the state, by taking or damaging property without prior condemnation, to avoid the local nature of condemnation actions and unnecessarily place a substantial burden upon the citizens' exercise of rights granted by article 1, section 16.

The state argues that plaintiff in the present action seeks money damages from the state and is, therefore, controlled by *State ex rel. Slade v. Jones,* 182 Wash. 94, 45 P.2d 30 (1935), and *State ex rel. Thielicke v. Superior Court,* 9 Wn.2d 309, 114 P.2d 1001 (1941). We do not agree. *State ex rel. Slade v. Jones, supra,* was an action for a writ of mandate to compel the superior court for King County to assume jurisdiction of an action for damages against the state for its actions involving the flooding of property. The petition was denied, holding the action must be brought in Thurston County, which superficially would appear controlling in the present case. However, the underlying foundation fatal to the authoritative value of *Jones* is, the court at that time had not recognized the existence of a constitutional right of action in inverse condemnation under article

1, section 16 (amendment 9). In *Jones,* at page 96, the court stated:

> These relators may have had good grounds for enforcing their constitutional rights at the time their lands were taken or damaged by the state, but they are now asking solely for damages, which sort of action they have brought.

The court, in *Jones,* is saying the only constitutional rights under article 1, section 16 are to injunctive relief. This is not the status of the law today. A constitutional right of action in inverse condemnation for damages under article 1, section 16 has been specifically recognized. *Ackerman v. Port of Seattle, supra; Martin v. Port of Seattle,* 64 Wn.2d 309, 391 P.2d 540 (1964); *Cummins v. King County,* 72 Wn.2d 624, 434 P.2d 588 (1967). The court, in *Jones,* treats the action as one requiring a waiver of sovereign immunity rather than a right of action granted under the constitution.

*State ex rel. Thielicke v. Superior Court, supra,* was an original proceeding by writ of certiorari to review an order denying a motion for a change of venue from Thurston County to King County. In *Thielicke,* the action sought to recover for damage to real and personal property sustained when the state constructed tunnel approaches to the Lake Washington pontoon bridge. The court in *Thielicke* did not consider the cause of action as one granted under article 1, section 16, but again treated the action as one requiring a waiver of sovereign immunity. The court, at pages 310-11 stated:

> The sole question for determination is whether, under the circumstances just stated, the superior court had the power to order a change of venue.
> A sovereign state cannot be sued without its consent. The immunity is absolute, and, when consent is given, it may be qualified or conditional and may specify a particular court in which the permitted actions may be maintained. The principle seems too axiomatic to require citation of supporting authority, but for a clear, earlier enunciation of it by this court see *State ex rel. Pierce County v. Superior Court,* 86 Wash. 685, 688, 151 Pac. 108.

An action against the state for damage to real property is not necessarily an action under article 1, section 16. The court in *Thielicke* does not specifically state they are treating the action as one in tort rather than an action under article 1, section 16, but they in fact do treat the action as one in tort requiring a waiver of sovereign immunity. The self-executing nature of article 1, section 16, dictates that its rights are not dependent upon a waiver of sovereign immunity. Factually, *Thielicke* appears to be a damaging of property not in the article 1, section 16 sense, but a damaging in the realm of tort. To distinguish, the damage in *Thielicke* resulted not from the performance of a planned action by the state in its sovereign capacity, but instead resulted in the negligent performance of the state project. But for the negligent performance, the damage would not have resulted. *See Ulery v. Kitsap County*, 188 Wash. 519, 523, 63 P.2d 352 (1936). *Thielicke* is therefore not controlling in the instant action.

We therefore hold article 1, section 16 (amendment 9) of the Washington State Constitution to be self-executing and not subject to the provisions of article 2, section 26 of the Washington State Constitution or the legislative enactment thereunder, RCW 4.92.010.

The trial court's judgment of dismissal is reversed and the case is remanded for trial.

GREEN, C.J., and MUNSON, J., concur.

Petition for rehearing denied March 18, 1974.

Review denied by Supreme Court June 24, 1974.