GREEN v. LEONI TOWNSHIP BOARD.

MANDAMUS—RES ADJUDICATA—PLATS.

On certiorari to review an order dismissing a petition for mandamus to compel a township board to approve a certain plat of land in the township, where it appears that on former mandamus proceedings before the circuit court defendant agreed that if a certain fence claimed to encroach upon a public highway was moved, it would approve the plat, an order of the court requiring the removal of said fence and the approval of the plat, as so amended, upon its presentation to the board, *held*, *res adjudicata* of the matters therein contained, and that compliance with said order should therefore have been compelled.

Certiorari to Jackson; Parkinson (James A.), J. Submitted September 4, 1923. (Calendar No. 30,739.) Decided October 1, 1923.

Mandamus by Joseph E. Green and others to compel the township board of Leoni township to approve a plat. From an order dismissing the petition, plaintiffs bring certiorari. Reversed.

*Frank L. Blackman,* for appellants.

*Cobb, Bisbee & Wilson,* for appellee.

SHARPE, J.     Plaintiffs prepared a plat of certain lands bordering on Gilletts lake in defendant township, designated "Cove Extension," and on August 10, 1921, presented it to the township board for approval, as required by section 3350, 1 Comp. Laws 1915.   At a meeting of the board, held on August 19th, the board declined to approve the plat—

"for the reason that we, at this time, believe the fence placed thereon to be an encroachment upon a public highway,"

and so notified plaintiffs by letter, dated August 25th. On May 2, 1922, plaintiffs petitioned the circuit court for a writ of mandamus to compel such approval. After answer by defendant, the cause came on for hearing before Judge Parkinson.   After some proof had been taken, the attorneys for the parties stipulated that the court should find certain facts and enter an order pursuant thereto.   One of the facts so found was that the road, which the answer claimed would be obstructed in part by the land platted, was established by user prior to 1881—

"to the minimum width of 25 feet west of the barbed wire fence on the east side of said road, and to the maximum width as outlined by the wire fence erected by relator Green where it is more than 25 feet distant from said east fence."

The order reads:

"Based on such findings, and the stipulation above referred to, it is hereby ordered:

"1. That such portions of the fence erected by relator Green as are not at a distance of 25 feet from said barbed wire fence on the east side of said highway, be moved by him to a point 25 feet from said fence.

"2. That the west line of the disputed highway shall hereafter be the line established by moving the fence erected by Green back to a minimum distance of 25 feet from the barbed wire fence on the east side of said highway, and the present line of the fence of Green where it exceeds twenty-five (25) feet distance from the barbed wire fence on the east side of the disputed highway.

"3. That relators will move the said fence as hereinbefore provided and shall, within ten days, present to the township board of the township of Leoni, respondent herein, an amended plat of the said Cove Extension, the east line of which will be the line hereby established as the west line of said highway.

"4. That upon presentation to the said township board by the relators of a plat made or amended in conformity with the line established by this order, and the removal of said fence to the line as heretofore indicated, said respondent, the township board of Leoni, shall within five days from such presentation, approve the said plat."

Plaintiffs, claiming to have complied with the terms of the order, presented an amended plat to the defendant board for approval. No official action was taken on it. Mandamus to compel approval was then asked for. The trial court dismissed the petition for the reason that it did not appear that the board had taken any action in the matter. Plaintiffs review the order of dismissal by certiorari.

On the hearing of the petition first presented, the defendant agreed, in effect, by the stipulation entered into, that if plaintiffs should make certain changes in the fences it would approve the plat. Its counsel joined with counsel for plaintiffs in requesting the court to make an order embodying this agreement. This was done. The findings thus made and the determination of the court as therein stated are *res adjudicata* of the matters therein contained. *Sparrow* v. *Commissioner of State Land Office*, 56 Mich. 567; *State of Michigan* v. *Sparrow*, 89 Mich. 263. Defend-

ant's counsel conceded at the hearing on the second petition that plaintiffs had fully complied with the terms of the order.    It was the plain duty of the defendant to also comply.    Not having done so, it was the duty of the court to compel compliance as prayed for in the petition.    It is unnecessary to consider the other questions discussed.

The order of dismissal will be vacated and set aside and the cause remanded for further proceedings in harmony with this opinion.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.