TOWNSHIP OF ROYAL OAK *v.* COUNTY OF OAKLAND.

1. JUDGMENT—OFFICERS—MUNICIPAL CORPORATIONS.

Judgment for or against a State or municipal officer in matters as to which he is entitled to represent State or municipality in litigation is conclusive for or against the State or municipality, other officers thereof and successors in office.

2. SAME—RES JUDICATA.

Decision in mandamus case by township against county treasurer on questions necessarily involved therein *held, res judicata* in subsequent case by same plaintiff against county.

3. TAXATION—TOWNSHIPS—HIGHWAYS AND STREETS—DRAINS—IRREGULARITIES—RES JUDICATA.

Neither township road nor drain assessments need be extended in separate column from other township taxes and, even if they were, such an irregularity is cured by general property tax law and the matter is concluded in later mandamus action where it might have been raised in former mandamus action (1 Comp. Laws 1929, §§ 3492, 4337, 4925).

4. COUNTIES—CONSTITUTIONAL LAW—TAXATION.

Liability imposed by writ of mandamus ordering spread of tax by county, entered before 15-mill property tax limitation amendment to Constitution became effective, *held,* an "obligation heretofore incurred" within exception of the amendment (Const. art. 10, § 21).

5. TAXATION—COUNTIES—TOWNSHIPS—DEPOSITARIES—SELECTION.
    County must sustain loss of township tax funds through failure
    of depository of county which had sole power to make selection
    thereof (1 Comp. Laws 1929, §§ 1198, 3480).

6. SAME—SET-OFF—COUNTIES—TOWNSHIPS.
    Amounts owed to each other by county and township may be
    set off one against the other where liquidated and ascertain-
    able (1 Comp. Laws 1929, § 3480).

Appeal from Oakland; Doty (Frank L.), J. Sub-
mitted June 12, 1934. (Calendar No. 37,649.) De-
cided October 23, 1934.

Mandamus by township of Royal Oak, a municipal
corporation, and William R. Jewell, township treas-
urer, against Oakland county, a municipal corpora-
tion, and others to compel the payment of sums
allegedly due and the levy of a tax. Cross-petition
of mandamus by defendants against plaintiffs to
compel the payment of sums allegedly due. De-
fendants review allowance of writ by appeal in the
nature of certiorari. Remanded.

*Sherman McDonald* (*Arthur E. Moore*, of coun-
sel), for plaintiffs.

*Arthur P. Bogue*, Prosecuting Attorney, and *Rob-
ert D. Heitsch*, Assistant Prosecuting Attorney, for
defendants.

EDWARD M. SHARPE, J. This is an appeal in the
nature of certiorari. The facts are not in dispute.
Prior to the institution of this action a previous
mandamus action had been had in Oakland county
by the same plaintiffs against the then treasurer of
Oakland county, and on September 12, 1932, a writ
of mandamus was granted directing the said treas-
urer of Oakland county to pay forthwith to the

township and its treasurer the sum of $71,787.63. Later this sum was reduced by payments until at the beginning of the present action the amount unpaid, with interest, was the sum of $68,709.11. No appeal was taken from the former order.

Prior to March 31, 1933, the Oakland county treasurer collected $14,958.99 of township tax money and deposited the same in a bank which closed its doors, and the county has failed to pay over $7,722.38 of this money to the township treasurer. During this same period the township treasurer collected $7,115.54 in taxes which were county funds and failed to pay the same over to the county treasurer. The township seeks mandamus for the levy of a tax and the county filed a cross-petition.

At the conclusion of the trial below, the trial judge issued a mandamus finding that the county is indebted to the township in the amount of $68,709.11 with interest, also in the additional sum of $7,722.38 to which a set-off of $7,173.84 should be allowed and ordering the county to include in its current budget a debt service item for $68,709.11 plus interest and to levy a tax therefor by spreading the same upon the assessment roll; and to allow the set-off and to pay the balance out of the first moneys available as dividends from the closed bank. The county appealed.

The county claims that the former mandamus action is not *res judicata* as to the county, since only the treasurer was a party and since the present action is really for the spreading of a tax; that the county cannot be compelled to advance funds where it has no rights against the taxpayers because of the township's invalid assessment in that the latter failed to separate the drain and road taxes from the general township tax; that in any case the county

has no legal authority to spread a tax for such advances; that this item is not properly a ''debt service'' under article 10, § 21, of the Michigan Constitution; that the court should in its discretion refuse to grant the writ because the township has in another action obtained a temporary injunction against collection of delinquent drain assessments by the county; that the township treasurer is under a mandatory duty by 1 Comp. Laws 1929, § 3480, to pay over county funds and cannot have a set-off; that the county is not liable for failure of the depository bank.

The township contends that the former mandamus action is *res judicata* as to the liability of the county to pay the $68,709.11; that the township assessment was valid since the statute permits drain and road taxes to be included in general township taxes and that any error is cured by 1 Comp. Laws 1929, § 3492; that in any case the invalidity of one tax does not affect the absolute duty of the county treasurer under 1 Comp. Laws 1929, § 3480, to pay over other township taxes collected by him; that the term ''obligation'' in article 10, § 21, of the Michigan Constitution is broad enough to cover this liability; that the injunction suit is immaterial; that the county is liable for the failure of the depository bank and that set-off is a reasonable way of enforcing such liability.

The general rule is that a judgment for or against a State or municipal officer or agency in matters as to which they are entitled to represent the city or State in litigation is conclusive for or against the city or State and their other agencies. It is conclusive upon other officers of the governmental body represented in the first action as well as upon successors in office. 1 Freeman, Judgments (5th Ed.),

§ 509; *State* v. *Sparrow,* 89 Mich. 263; *People, ex rel. Attorney General,* v. *Railway Co.,* 157 Mich. 144; *Green* v. *Leoni Township Board,* 224 Mich. 498; *Skinner* v. *Argentine Township Board,* 238 Mich. 533; *People, ex rel. Bryant,* v. *Holladay,* 93 Cal. 241 (29 Pac. 54, 27 Am. St. Rep. 186); *Bernhard* v. *Wall,* 184 Cal. 612 (194 Pac. 10, 40); *Blondel* v. *Woodbury County,* 203 Iowa, 1099 (212 N. W. 335); *Conover* v. *Mayor of New York,* 25 Barb. (N. Y.) 513; *Lighton* v. *City of Syracuse,* 188 N. Y. 499 (81 N. E. 464), dictum; *Ohio Fuel Gas Co.* v. *City of Mt. Vernon,* 37 Ohio App. 159 (174 N. E. 260); *Commonwealth* v. *Harkness' Adm'r,* 181 Ky. 709 (205 S. W. 787); *Harrison* v. *City of Fall River,* 257 Mass. 545 (154 N. E. 255).

In the former case the county treasurer represented the county. It is also fair to assume that the prosecuting attorney of the county represented the county treasurer in that action. It was the duty of the prosecuting attorney and the county treasurer in the former case to appeal from the mandamus if the granting of such writ was contrary to the best interests of the county. In our opinion the questions now raised were necessarily involved in the decision of the former case and that decision is *res judicata* of the liability of the county to the township for the sum of $68,709.11.

The defendants contend that they are justified in withholding the funds because the township road and drain assessments were invalid by reason of their not being extended on the assessment roll in a separate column from other township taxes. Section 4925, 1 Comp. Laws 1929, relates to drain taxes, and 1 Comp. Laws 1929, § 4337, relates to road assessments. We think that neither of these sections requires the assessing officer to make a separate

column for such assessments. Moreover, 1 Comp. Laws 1929, § 3492, provides that no tax assessed upon any property shall be held invalid on account of any irregularity, informality, or omission or want of any matter of form or substance in any proceeding that does not prejudice the property rights of the person whose property is taxed. Under this statute, the defects complained of were cured. However, the matter of the validity of these road and drain assessments might have been raised in the former suit and is now concluded.

Defendants next contend that to spread the $68,709.11 (the amount represented by the former mandamus) as a tax outside of the items included in the 15-mill tax is not permissible under article 10, § 21, of the Michigan Constitution. This section of the Constitution was adopted November 8, 1932, while the writ of mandamus was issued September 12, 1932. At the time the constitutional amendment went into effect the liability of the county had been determined. The liability sought to be enforced is one created by statute (1 Comp. Laws 1929, § 3480). We think that such liability is an "obligation heretofore incurred" and within the exception of the constitutional amendment just as much as bonds and judgments. The general powers of the board of county supervisors are broad enough to empower them to levy a tax for this purpose.

The defendants further contend that the county is not liable for township funds lost by the failure of the county depository and that the release of the county treasurer from personal liability by 1 Comp. Laws 1929, § 1198, relieves the county also. However, under 1 Comp. Laws 1929, § 3480, it is the duty of the county treasurer to pay to the township treasurer all moneys due the township treasurer. We think that where the county has the sole power to

select the depository it must sustain the loss by reason of the failure of such depository.

While the collection of taxes is purely statutory and under 1 Comp. Laws 1929, § 3480, it becomes the duty of the county treasurer to pay all moneys due the township to the township treasurer and likewise the duty of the township treasurer to pay to the county treasurer all moneys due to the county treasurer, yet where the amount owing by the county to the township and the amount owing by the township to the county is liquidated and ascertainable, we see no reason why the one should not be set-off as against the other.

We consider the pendency of the injunction suit immaterial to the present case.

The case will be remanded to the lower court to issue writs in conformity with this opinion.   No costs will be allowed.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.