[No. 28103. *En Banc.* May 22, 1941.]

THE STATE OF WASHINGTON, *Appellant,* v. THE PACIFIC TELEPHONE AND TELEGRAPH COMPANY, *Respondent.*[1]

[1]Reported in 113 P. (2d) 542.

12

*The Attorney General* and *R. G. Sharpe, Assistant,* for appellant.

*McMicken, Rupp & Schweppe* and *John N. Rupp,* for respondent.

MAIN, J.—This action was brought by the state of Washington to recover from the defendant, The Pacific Telephone and Telegraph Company, the state compensating or use tax, the levy of which had occurred several years before. The amount of the tax for which recovery was sought was $62,353. The trial court allowed judgment in favor of the state for $3,784, and denied any further relief. From the judgment entered in accordance with the statement just made, the state appealed.

The facts may be summarized as follows: During the period between May 1, 1935, and February 28, 1939,

the respondent purchased, at points outside of this state, tangible personal property of the value of $3,-058,472.11. During this period, the respondent used this property in the operation and maintenance of its telephone and telegraph system in the conduct of its intrastate and interstate telephone and telegraph business. Upon the use of this property, no compensating or use tax had been paid. The property is exactly the same as was involved in the case of *Pacific Tel. & Tel. Co. v. Henneford,* 195 Wash. 553, 81 P. (2d) 786, or property of like kind and character purchased since the judgment in that case was rendered.

The first question is whether the judgment in *Pacific Tel. & Tel. Co. v. Henneford,* 195 Wash. 553, 81 P. (2d) 786, is binding upon the state. That was an action against the tax commissioners to restrain them from collecting the tax, and a judgment was entered to that effect. This is an action by the state in its own name to collect the tax.

Section 31 of chapter 180 of the Laws of 1935, p. 726, provided that:

"There is hereby levied and there shall be collected from every person in this state a tax or excise for the privilege of using within this state any article of tangible personal property purchased subsequent to April 30, 1935. Such tax shall be levied and collected in an amount equal to the purchase price paid by the taxpayer multiplied by the rate of 2%."

That section was amended by § 1 of chapter 191 of the Laws of 1937, p. 943.

In the prior action, which was against the tax commissioners individually, it was held that the use tax did not include purchases of merchandise outside the state to be used in the operation and maintenance of the telephone and telegraph company's property in this state, and also that the tax was an unlawful burden on interstate commerce. After the decision in that

case, the tax commissioners petitioned the United States supreme court for a writ of certiorari, which was denied. *Henneford v. Pacific Tel. & Tel. Co.,* 306 U. S. 637, 83 L. Ed. 1038, 59 S. Ct. 483. Subsequent to the denial of the petition by the United States supreme court, the tax commissioners applied to this court for leave to move in the superior court to vacate the judgment which restrained them from collecting the tax, and this request was denied. *Pacific Tel. & Tel. Co. v. Henneford,* 199 Wash. 462, 92 P. (2d) 214.

In the case of *Spokane v. State,* 198 Wash. 682, 89 P. (2d) 826, it was held that the decision in the case of *Pacific Tel. & Tel. Co. v. Henneford,* 195 Wash. 553, 81 P. (2d) 786, was overruled in so far as it held that the tax provided for by Title IV, chapter 180, Laws of 1935, as amended by the Laws of 1937, chapter 191, was not leviable with respect to the use of articles of personal property not manufactured or available for purchase in this state.

We now come to the question as to whether the judgment prohibiting the tax commissioners from collecting the tax in question is *res judicata* as against the state. As pointed out, that action was against the members of the tax commission, and this is an action by the state in its own name. The general rule is that a judgment for or against the state or an officer or agency thereof in matters as to which such officer or agency is entitled to represent the state in litigation, is conclusive for or against the state.

In *Royal Oak v. Oakland County,* 269 Mich. 153, 256 N. W. 837, it is said:

"The general rule is that a judgment for or against a State or municipal officer or agency in matters as to which they are entitled to represent the city or State in litigation is conclusive for or against the city or State and their other agencies. It is conclusive upon

other officers of the governmental body represented in the first action as well as upon successors in office."

The cases of *People v. Detroit, G. H. & M. R. Co.*, 157 Mich. 144, 121 N. W. 814; *Warren v. Suttles*, 190 Ga. 311, 9 S. E. (2d) 172, and *Gunter v. Atlantic Coast Line R. Co.*, 200 U. S. 273, 50 L. Ed. 477, 26 S. Ct. 252, and many others that might be cited, are to the same effect.

The test as to whether a judgment in a prior action brought against officers of the state is *res judicata* as against the state in a second action involving the same subject-matter, depends upon whether the officers have authority to represent the interests of the state in the prior action. *Sunshine Anthracite Coal Co. v. Adkins*, 310 U. S. 381, 84 L. Ed. 1263, 60 S. Ct. 907.

Section 202 of chapter 180, Laws of 1935, p. 839, provides that, if any tax, increase, or penalty imposed by the act, or any portion of such tax, increase, or penalty, is not paid as therein provided, the tax commission shall proceed in the manner there specified to collect it.

Section 208, p. 844, provides that:

"The administration of this act shall be vested in and exercised by the tax commission which shall prescribe forms and rules of procedure in conformity with this act for the determination of the taxable status of any person, for the making of returns and for the ascertainment, assessment and collection of taxes and penalties imposed hereunder. . . . " Rem. Rev. Stat. (Sup.), § 8370-208 [P. C. § 7030-268].

There can be no escape from the conclusion that, under these express provisions of the statute, the tax commission was authorized, and it was its duty, to represent the state in the collection of the compensating or use tax.

This court has held that, where an action is brought by or against the officers of a state which affects the right of the state to collect its revenue, it is, in effect, an action by or against the state. *State*

16

*ex rel. Pierce County v. Superior Court,* 86 Wash. 685, 151 Pac. 108; *State ex rel. Pate v. Johns,* 170 Wash. 125, 15 P. (2d) 693.

The cases of *State ex rel. Robinson v. Superior Court,* 181 Wash. 541, 43 P. (2d) 993, and *State ex rel. Robinson v. Superior Court,* 182 Wash. 277, 46 P. (2d) 1046, were both cases against an officer of the state, and in each it was held that the action was not one against the state. Those two cases were distinguished from the cases above cited which involved the revenues of the state, on the ground, as there stated, that the two *Robinson* cases "did not involve the general revenues of the state." Our conclusion on this branch of the case is that the judgment in the prior action was *res judicata* as against the state in this action.

The holding in the case of *Pacific Tel. & Tel. Co. v. Henneford,* 195 Wash. 553, 81 P. (2d) 786, to the effect that the 1935 tax was a burden on interstate commerce, was not overruled in the case of *Spokane v. State,* 198 Wash. 682, 89 P. (2d) 826, and, consequently, the doctrine of *res judicata* was applicable to that holding. The overruling of a portion of the opinion in the former case did not in any wise affect the final character of the judgment. The judgment still stands, even though a part of the opinion is overruled.

We now come to § 3, chapter 9, Laws of 1939, subd. (b), p. 17, of which provides that, as to any article of tangible personal property purchased at retail,

" . . . the first use of which in this state took place between April 30, 1935, and the effective date of this act, and as to any such article produced or manufactured for commercial use, the first use of which in this state took place between March 17, 1937, and the effective date of this act, the terms herein defined shall

be construed to include the first use, installation, storing or withdrawal from storage thereof in this state after the taking effect of this act."

This statute presents the question whether the legislature had the right to provide for the collection of the tax as far back as April 30, 1935. For the purposes of this case, it will be assumed, but not decided, that the same rule should apply to a use tax as applies to an income tax in determining whether the retroactive statute can be sustained, and that is, it can only apply "to prior but recent transactions." *Welch v. Henry,* 223 Wis. 319, 271 N. W. 68, 109 A. L. R. 508; *Welch v. Henry,* 305 U. S. 134, 83 L. Ed. 87, 59 S. Ct. 121, 118 A. L. R. 1142. The statute involved in those cases provided for a much shorter period of retroactivity than does the statute of this state, and the opinion in each case recognized that the statute approached or reached the "limited or permissible retroactivity"; it did not exceed it. The retroactive feature of the statute here under consideration cannot be sustained. It must be remembered that we are not here dealing with a retroactive statute with reference to a tax upon real or personal property or upon the privilege of receiving property by inheritance.

A number of other contentions are made in the appellant's brief, not specifically referred to herein, all of which have been considered, but we do not find in any of them substantial merit. To undertake to discuss them would greatly prolong this opinion and serve no useful purpose.

The judgment will be affirmed.

ROBINSON, C. J., BEALS, MILLARD, DRIVER, SIMPSON, STEINERT, and JEFFERS, JJ., concur.

BLAKE, J. (dissenting)—For the reasons stated in the dissenting opinion in *Pacific Tel. & Tel. Co. v. Hen-*

18

*neford,* 199 Wash. 462, 473, 92 P. (2d) 214, I do not think the decision in *Pacific Tel. & Tel. Co. v. Henneford,* 195 Wash. 553, 81 P. (2d) 786, is *res judicata* of the issues presented in the instant case. I, therefore, dissent.

[1]Reported in 113 P. (2d) 545.