JOHN SAY et al., *Petitioners*, v. SIDNEY SMITH et al., *Respondents*.

*Robert M. Reynolds*, for petitioners.

*Slade Gorton, Attorney General*, and *Walter E. White, Assistant*, for respondents.

PETRIE, C.J.—Two brothers, John and Eddie Say, filed a complaint in Superior Court for Pierce County "for themselves and on behalf of others similarly situated" against Sidney Smith, individually, and in his capacity as Secretary of the Department of Social and Health Services of the State of Washington and against Quentin L. Emery, individually, and in his capacity as "Director of the Division of Public Assistance of the Washington State Department of Social and Health Services." The complaint sets forth three causes of action against these two public officials, but does not designate the State of Washington, per se, as a party defendant.

As a basis for all causes of action, plaintiffs allege: That John Say became 18 years of age on August 26, 1971; that until August 31, 1971, John Say had been living with foster

parents who had been receiving foster parent assistance for his support from the "Division of Public Assistance"[1], but that such assistance had been terminated as of August 31, 1971; that John receives no support nor care from his divorced parents, neither of whom he had seen for several years; that John has just commenced his senior year in high school and has no means of his own to continue his schooling. That after August 31, 1971, John moved in with his brother, Eddie Say, 20 years of age, who lives in Pierce County and whose sole means of support is a grant of disability assistance from the Division of Public Assistance; that in anticipation of the new living arrangements of the two brothers, Eddie Say applied for a grant under the AFDC[2] program and the same had been denied[3] on September 3, 1971 on the 2-fold grounds (1) that he was no longer eligible for AFDC because he had attained age 18 and (2) that he was not considered unemployable under the general assistance program because he was "merely in high school."

Further, as a basis for all causes of action, plaintiffs alleged that on September 3, 1971, defendants filed with the Office of Code Revisor an "emergency rule"[4] pursuant to provisions of RCW 34.04.030 and .040, which rule would amend that portion of the Washington Administrative Code concerning eligibility for grants under the AFDC program, effective the date of the filing thereof, to the extent that any child not under age 18 would no longer be eligible for asistance under AFDC; and that the acts of the defendants in issuing the said emergency rule and in denying assistance based upon said emergency rule deprive John Say of the support necessary to continue his high school education and are completely outside the scope of defendants' authority as employees of the State of Washington.

---

[1] Effective July 1, 1971, a reorganization of the Department of Social and Health Services abolished the "Division of Public Assistance", but we have retained the old terminology.

[2] Aid to Families with Dependent Children.

[3] Presumably by order of the Division of Public Assistance.

[4] The specific terms of the proposed emergency rule, emergency order 598, have not been made a part of the record before us.

For specific causes of action, all brought "for themselves and for all other persons similarly situated, who are being denied benefits", plaintiffs alleged that such acts (1) violate the statutory standards of eligibility for AFDC set forth in RCW 74.12.010,[5] the Constitution of the State of Washington, and the Constitution of the United States;[6] (2) violate the provisions of RCW 34.04.025 because no hearings as required thereunder were conducted, and also the provisions of RCW 34.04.030 because the statement of emergency accompanying such amendment did not comply with the requirements of said statute; and (3) violate the provisions of portions of 42 U.S.C. § 602(a), eligibility standards of the Federal Social Security Act.

In plaintiffs' prayer, they sought to have the Superior Court for Pierce County (a) enjoin the defendants from enforcing those amendments to the Washington Administrative Code which would render ineligible for AFDC grants those persons over 18 years who are now eligible under RCW 74.12.010; (b) order defendants to grant plaintiffs' application for AFDC; (c) enjoin the defendants from terminating AFDC to any person now receiving such assistance who is 18 years of age and who is otherwise eligible to receive such assistance under the statutory standards; (d) order defendants to grant AFDC to other applicants over 18 years of age who are otherwise qualified; (e) grant such

---

[5] RCW 74.12.010 provides in part: "For the purposes of the administration of aid to families with dependent children assistance, the term 'dependent child' means any child in need under the age of eighteen years, or any child between eighteen and twenty-one years of age regularly attending high school in pursuance of a course of study leading to a high school diploma or its equivalent or a course of vocational or technical training designed to fit him for gainful employment, who has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of the parent, and who is with his father, mother, grandmother, grandfather, brother, sister, stepfather, stepmother, stepbrother, stepsister, uncle, aunt, first cousin, nephew, or niece, in a place of residence maintained by one or more of such relatives as his or their homes."

[6] The constitutional sections upon which plaintiffs rely were not specified in the complaint.

other and further relief as the court may deem just and equitable in the premises.

At a hearing in Pierce County Superior Court, brought initially for preliminary relief on September 23, 1971, the Honorable William F. LeVeque, judge of said court, dismissed plaintiffs' complaint, on defendants' motion therefor, on the grounds that the complaint constituted an action against the state, and consequently the Pierce County Superior Court had no jurisdiction to hear and determine the issues raised therein. Plaintiffs now seek from this court a writ of mandamus directed to Judge LeVeque directing him to take jurisdiction of and to hear the substantive issues raised in this action.

The trial court has not as yet made any determination as to whether or not this action should be maintained as a class action. In the event we should reverse the order of dismissal, obviously, the decision will be made thereafter, "as soon as practicable", as to the propriety of maintaining this action as a class action. CR 23(c) (1). Accordingly, we view this application for writ of mandamus as if the complaint had been filed as an individual action only.

The defendants, in seeking dismissal of the plaintiffs' complaint, contend that the State of Washington is the real party in interest and thus exclusive jurisdiction to hear and determine the issues raised lies in Thurston County Superior Court by virtue of the provisions of RCW 4.92.010, which, in turn, derives its foundational basis from article 2, section 26 of the Washington State Constitution, as follows: "The legislature shall direct by law, in what manner, and in what courts, suits may be brought against the state."

Plaintiffs, on the other hand, contend that this is not an action against the state and its sovereign interests, and direct our attention to the distinction enunciated in *Deaconess Hosp. v. State Highway Comm'n*, 66 Wn.2d 378, 403 P.2d 54 (1965) at 382:

In short, this court indicated that where the allegations of the pleadings were such as to raise substantial issues of (a) potential damage to property without ascertain-

ment and payment of just compensation, or (b) unlawful or arbitrary and capricious action by state officers beyond the scope of or contrary to their statutory authority, an injunctive action would lie in the county where the damages or the acts allegedly occurred or were about to occur.

In particular, plaintiffs contend that an injunctive action against state public officials will "lie in the county where the damages or the acts allegedly occurred or where about to occur." Because plaintiffs are residents of Pierce County, they will sustain "damages" in that county unless these defendants are enjoined from enforcing the provisions of the emergency rule which they have promulgated.

It seems clear to us that a majority of the court, in *Deaconess Hospital*, founded its opinion, that exclusive jurisdiction did not lie in Thurston County, on the ground that the plaintiffs therein alleged, in part, that prospective damages to its Spokane property arising out of noise and obnoxious fumes would result unless the highway commission be enjoined from proceeding further in the location and construction of a multilane freeway within 65 to 70 feet of one wing of its hospital, coupled with an allegation that the highway commissioners were acting in an arbitrary and capricious manner in proceeding with such location and construction plans. We do not, however, view the Deaconess Hospital opinion as authority for the proposition that a plaintiff may, in any county except Thurston County, bring an action against state public officials primarily for the purpose of requiring those officials to expend or conserve trust funds, much less general revenue funds, in a manner inconsistent with the determination those officials have openly expressed as to such manner of expenditure. Such a proposition was expressly rejected in *State ex rel. Slade v. Jones*, 182 Wash. 94, 45 P.2d 30 (1935); *State ex rel. Shomaker v. Superior Court*, 193 Wash. 465, 76 P.2d 306 (1938); *State ex rel. Price v. Peterson*, 198 Wash. 490, 88 P.2d 842 (1939); *State v. Pacific Tel. & Tel. Co.*, 9 Wn.2d 11, 113 P.2d 542 (1941).

■■ From a review of the complaint in this matter, it seems apparent that the real purpose of this action is to establish a money grant of general revenue funds both for the plaintiffs named and, if the requirements of CR 23 are subsequently established, for all other persons similarly situated. In other words, this action seeks affirmative action to fix or establish the government's general liability and not the public officials' specific liability as to the payment of money from general revenue funds for a governmental purpose.

The test for determining whether or not the state is, in fact, a party to a suit against its officers was definitively set forth by the court in *State ex rel. Fleming v. Cohn,* 12 Wn.2d 415, 121 P.2d 954 (1942) as follows at page 425:

> According to the trend of authorities, including our own decisions, it may be deemed the rule that the state, while not named as a party, may be considered a party to an action brought against its officers *only* when the action is of such a character that *a judgment or decree cannot be rendered therein without affecting some right or interest in a material sense valuable to the state as an entity,* so that the decree or judgment effectively operates against the state, rather than the officers sued.

(Italics ours.)

We need not attempt to define the outer limits of the remaining viability of RCW 4.92.010, but we do hold that this action is of such a character that the only effective judgment—from the plaintiffs' standpoint—which could be entered in this case would necessarily affect a right or interest of the state as an entity in a material sense; namely, the expenditure level and overall use of general fund revenues, title to which lies in the people of the state as a whole.

Thus, in our opinion, the state is an indispensable party to the action and may be sued only in the manner and in the forum which has been designated by legislative action, to wit, in the Superior Court for Thurston County.

The judgment of dismissal was properly entered; application for the writ of mandamus will be denied.

ARMSTRONG, J., concurs.

PEARSON, J. (concurring)—I concur in the opinion of the court but feel compelled to comment on one facet of this case which the opinion does not mention and which presents a substantial impediment to the course of action which the result of the opinion dictates.

The petitioners are both indigents. In order to proceed against the state in Thurston County pursuant to RCW 4.92.010 they are required to

> file a surety bond executed by the plaintiff and a surety company authorized to do business in the state of Washington to the effect that such plaintiff will indemnify the state against all costs that may accrue in such action, and will pay to the clerk of said court all costs in case the plaintiff shall fail to prosecute his action or to obtain a judgment against the state: . . .

Under such a requirement the petitioners, because of indigency, may be precluded from filing their claim under RCW 4.92.010, and thus be prohibited from exercising the privilege afforded to those with the financial means needed to obtain a surety bond.

It is my opinion that denial of access to the courts under RCW 4.92.010 because of indigency would be a violation of the equal protection of laws provision of our state and federal constitutions, and, accordingly, upon a proper showing of indigency, the surety bond requirement must be waived. *See O'Connor v. Matzdorff*, 76 Wn.2d 589, 458 P.2d 154 (1969) where the court was held to have inherent power to waive court costs because of indigency.