[No. 42431.     En Banc.     April 12, 1973.]

CENTRALIA COLLEGE EDUCATION ASSOCIATION *et al., Respon-
dents*, v. BOARD OF TRUSTEES OF COMMUNITY COLLEGE
DISTRICT NO. 12 *et al., Petitioners.*

*Slade Gorton, Attorney General, Thomas L. Anderson*
and *Robert E. Patterson, Assistants,* for petitioners.

*Odine H. Husemoen* (of *Walstead, Mertsching, Husemoen
& Donaldson*), for respondents.

STAFFORD, J.—Petitioners seek a writ of prohibition to
prevent the Superior Court for Lewis County from exercis-
ing jurisdiction in an action for declaratory judgment and
an injunction.

Respondents, Centralia Education Association, acting as
the employment representative of the academic employees
of Community College District 12, and certain officers of
the association brought an action against petitioners, Com-
munity College District 12 and its board of trustees. Re-
spondents alleged that the parties were unable to reach an
agreement on a proposed master contract and that the board

of trustees declined to discuss any portion of the contract. As a result, respondents prayed for judgment declaring the rights and duties of the respective parties under chapter 28B.52 RCW and asked that petitioners be enjoined from issuing or offering individual contracts pending the outcome of litigation. Petitioners were ordered to show cause why an injunction should not issue.

Petitioners moved for dismissal of the cause asserting that the Lewis County Superior Court lacked jurisdiction. It was petitioners' position that the action is directed at one of the state's institutions of higher education and that pursuant to article 2, section 26 of the Washington State Constitution and RCW 4.92.010 the Thurston County Superior Court has sole jurisdiction to hear the present case.

The trial court denied petitioners' motion and this petition for a writ of prohibition ensued.

The central issue is whether respondents' case is an action against the state within the meaning of article 2, section 26 of the state constitution and RCW 4.92.010. The question must be answered in the affirmative.

■ If a state agency is sued and a judgment or decree cannot be rendered without ultimately affecting some state right or interest the state is a party in interest even though it is not named specifically. *See Say v. Smith,* 5 Wn. App. 677, 491 P.2d 687 (1971) and *State ex rel. Fleming v. Cohn,* 12 Wn.2d 415, 121 P.2d 954 (1942). In such cases RCW 4.92.010 is controlling.

■ The Community College Act of 1967, chapter 28B.50 RCW, does not specifically state that community college districts are state agencies. However, an examination of the context and subject matter of title 28B RCW, as required by *Champion v. Shoreline School Dist. 412,* 81 Wn.2d 672, 504 P.2d 304 (1972), makes it evident that the legislature so intended.

RCW 28B.98.040 directs that all the provisions of title 28B RCW shall be construed in pari materia even though, as a matter of prior legislative history, they were not orig-

inally enacted in the same statute. The fact that RCW 28B.98.040 is not to be applied retroactively is unimportant. All provisions of title 28B RCW with which we are here concerned come within its purview and thus must be considered in pari materia.

In RCW 28B.50.020 the legislature declared that the purpose of the Community College Act of 1967 is to provide for the large number of students requiring high standards of education

> by creating a new, independent *system of community colleges* which will:
>
> . . .
>
> (5) Establish firmly that community colleges are . . . an independent, unique, and vital section of our *state's higher education system* . . .

(Italics ours.) The legislature defined the word "system" in RCW 28B.50.030 (1) as follows:

> "System" shall mean the *state system* of community colleges, which shall be a system of higher education . . .

(Italics ours.)

The fact that each community college district is but a single unit of an overall *state system,* basically controlled and supervised by the state, is emphasized by RCW 28B.50.090 (1) through (12). RCW 28B.50.090 explicitly states that the State Board for Community College Education "shall have general supervision and control over the state system of community colleges." The same statute specifically gives the state board extensive powers, duties and responsibilities in regard to the *state system* of community colleges and charges the state board as follows:[1]

(1) It is to review budgets prepared by the various community college boards of trustees and submit to the Governor a single budget for the whole *state system of community colleges.*

(2) It is to establish guidelines for the disbursement of

---

[1]For ease of reference the subsection numbers have been retained but the subsections have been paraphrased.

funds and receive and disburse such funds for the operation and capital support of the community college districts in conformance with the *state* and district budgets and chapter 43.88 RCW (*i.e.*, the state budget and accounting act).

(3) It is to ensure, through the full use of its authority that each district offer comprehensive programs to meet both community and student needs and that each district maintain an open-door policy so that no student will be deprived of admission by reason of where he lives in the state.

(4) The state board must prepare a comprehensive master plan for the development of community college education and training in the state.

(5) It is the board's duty to define and administer criteria and guidelines for the establishment of new community colleges within existing districts.

(6) Consistent with RCW 28B.50.020 (*i.e.*, the purpose of the act), the board is to establish criteria and procedures for *modifying district boundaries and make such changes as it deems advisable.*[2]

(7) It is the board's duty to establish minimum standards to govern the operation of the community colleges with respect to: qualifications and credentials of instructional and key administrative personnel, except as otherwise provided in the state plan for vocational education; internal budgeting, accounting and financial procedures of the colleges where necessary to supplement RCW 43.88 (*i.e.*, the state budget and accounting act); the content of curriculums and other training programs; and standard admission policies.

(8) The state board is to establish and administer criteria and procedures for all capital construction within the community college districts.

(9) ——

(10) It is to exercise any other powers, duties and re-

---

[2]Present community college district boundaries are not static entities. Rather, they are subject to change by the state board.

sponsibilities necessary to carry out the purposes of this chapter.

(11) ——

(12) The board shall, notwithstanding any other law regarding the sale of *state property*, sell or exchange and convey any or all interest in any community college real and personal property when it determines that such property is surplus or that such a disposition is in the best interests of the community college system.

From the foregoing it is clear that while community colleges may be located within specified districts, the legislature intended that each community college district shall be an integral part of the *state's system of higher education* rather than a mere local adjunct of some lesser political subdivision.

In addition, RCW 28B.50.300 vests title to community college property in the state board and RCW 28B.50.090(12) authorizes the state board to sell and convey all property of any community college and does so by referring to it as the sale of *state property*. Thus, the very existence of each community college depends upon what the state board decides in regard to each district's property and the local boards of trustees act as mere agents in the administration of the state owned property.

It is clear that while the legislature intended each community college district to be a separate unit, subject to the control of the State Board for Community College Education, it is equally evident that each was intended to be a vital and integral part of the *state's system of higher education*. Moreover, examination of title 28B RCW clearly indicates the legislature intended that each district's board of trustees is to act on behalf of the state and that each district is to be a state agency subject to the ultimate supervision and control of the state board except in those instances specifically provided to the contrary.

There are other significant indications of legislative intent in this regard. RCW 28B.50.320 provides that the trustees shall direct the depositing of certain fees and that

these funds shall be subject to the budget and audit provisions of law applicable to *state agencies*. The statute further provides that the disbursement of funds shall be by check and that those persons who are authorized to sign the checks must execute a surety bond as provided in RCW 43.17.100. It is no coincidence that RCW 43.17.100 sets forth the bonding procedure applicable to every appointive *state* officer and employee.

It is important to note that the overall scheme of title 28B RCW equates community colleges with universities and 4-year colleges as state institutions of higher education. For example: RCW 28B.16.030 provides that the State Higher Education Personnel Law shall apply to all personnel of the institutions of higher education except those exempted by RCW 28B.16.040. Further, the definition of "institutions of higher education" in RCW 28B.16.020(1) includes the "various state community colleges". Similarly, community colleges are included within the definition of "institutions of higher education" subject to the State Higher Education Administrative Procedures Act, RCW 28B.19.010 and RCW 28B.19.020(1).

Construing the provisions of title 28B RCW in pari materia, as required by RCW 28B.98.040, makes it clear that the legislature intended community colleges, and the operation thereof, to be a state function.

Although each community college district has a board of trustees, such boards, however, are not locally elected. Rather, as required by RCW 28B.50.100 and article 13 of the state constitution, board members are appointed by the Governor. Further, a review of RCW 28B.50.140, setting forth the powers and duties of such boards of trustees, reveals that while the boards possess district-wide duties, their powers of administration are primarily ministerial and, for the most part, specifically subject to the supervisory control of the state board, its rules, regulations and policies. *State v. King County*, 74 Wn.2d 673, 446 P.2d 193 (1968). Thus the function of the various boards of trustees is state rather than district in nature.

We stated in *State v. Board of Valuation,* 72 Wn.2d 66, 70, 431 P.2d 715 (1967), in holding the King County Board of Valuation to be a state agency: *"It is the function which the board performs that determines its nature."* In the same vein, although dealing with different facts, we stated in *State ex rel. Lopas v. Shagren,* 91 Wash. 48, 157 P. 31 (1916) at 52:

> If the functions of these offices relate exclusively to the local concerns of particular counties, then they are county offices . . . *But if the functions of the offices . . . concern the state at large or the general public, although exercised within definite territorial limits, they are not county offices.*

(Italics ours.)

Respondents also suggest that there is no logical reason to require that legal actions against the 22 community college districts be brought in Thurston County. This, however, is a matter to be resolved by the legislature. According to article 2, section 26 of the Washington State Constitution, the power to waive the sovereign right of the state to be sued in Thurston County lies exclusively with the legislature.

Finally, respondents urge that assuming community colleges are state agencies and that community college boards of trustees are, in effect, state officials, *Deaconess Hosp. v. Highway Comm'n,* 66 Wn.2d 378, 382-83, 403 P.2d 54 (1965) would authorize this action to be maintained in Lewis County. We do not agree. We stated in *Deaconess* that an injunctive action would lie in a county other than Thurston where the damages or acts allegedly occurred or were about to occur and *"where the allegations* of the pleadings were such as to *raise substantial issues of* (a) potential damage to property without ascertainment and payment of just compensation, or (b) *unlawful or arbitrary and capricious action* by state officers beyond the scope of or contrary to their statutory authority . . ." (Italics ours.)

Clearly *Deaconess* is not in point. First there is no con-

tention that this action falls under the category of "damage to property without just compensation" provided for in subdivision (a). Classification (b) is equally inapplicable. The second category requires an *allegation* that the action of the state official was "unlawful or arbitrary and capricious." No such allegation is made against the board of trustees.

Without question, the legislature intended community college districts to be state agencies. Although individual districts are locally situated, they do not relate exclusively to local concerns. Their functions are part of an entire *state system of higher education.* We expressed this in another way in *Moses Lake School Dist. 161 v. Big Bend Community College,* 81 Wn.2d 551, 562, 503 P.2d 86 (1972). In discussing the sovereign power of the state, we said:

> The establishment and maintenance of community colleges throughout the state is *primarily a state purpose* from which special benefits flow to local municipalities. In the performance of the state's general duties and purposes it is called upon to utilize various political subdivisions upon which it confers powers and imposes such duties as the legislature deems necessary.

(Italics ours.)

We hold that petitioner Community College District 12 is an integral part of the state's system of institutions of higher education. As such, it may be sued only in Thurston County because any judgment or decree rendered would affect the state in a material economic sense. Const. art. 2, § 26; RCW 4.92.010 and *see Say v. Smith,* 5 Wn. App. 677, 491 P.2d 687 (1971). The character or nature of the action is not changed for jurisdictional purposes by the mere joinder of the board of trustees as a party defendant.

Before concluding, it must be noted that we do not pass upon the merits of any issues raised in respondent's complaint concerning the rights and duties of the parties under chapter 28B.52 RCW. These matters are not before us.

The trial court is reversed. The Lewis County Superior

Court did not have jurisdiction over the action. A writ of prohibition will issue.

HALE, C.J., FINLEY, ROSELLINI, HUNTER, HAMILTON. WRIGHT, and UTTER, JJ., concur.