[No. 42544. En Banc. April 12, 1973.]

TACOMA COMMUNITY COLLEGE FEDERATION OF TEACHERS *et al.*, *Respondents*, v. THE BOARD OF TRUSTEES OF TACOMA COMMUNITY COLLEGE *et al.*, *Petitioners*.

*Slade Gorton, Attorney General, Robert E. Patterson* and *Thomas L. Anderson, Assistants,* for petitioners.

*Comfort, Dolack, Hansler & Billett,* by *Dean A. Floyd,* for respondents.

STAFFORD, J.—This matter was instituted by a petition for a writ of prohibition to prevent the Pierce County Superior Court from exercising jurisdiction in an action seeking a declaratory judgment and an injunction.

Respondents, Tacoma Community College Federation of Teachers, George Huffman, individually as an academic employee thereof and as president of the respondent federation, brought an action against petitioners, the Tacoma Community College and the board of trustees thereof. Respondents alleged that pursuant to chapter 28B.52 RCW

the petitioners were required to negotiate concerning district policies, had failed to do so and were persisting in that regard. It was also alleged that petitioners had adopted certain policies without negotiating and were about to adopt additional policies in the same manner.

As a result, respondents prayed for a declaratory judgment that petitioners had a duty to negotiate in good faith with respondents under chapter 28B.52 RCW and in addition asked that petitioners be enjoined from adopting policies relating to any matters to be negotiated pending the outcome of litigation. Petitioners were ordered to show cause why the injunction should not issue.

Thereafter, petitioners moved to dismiss the cause asserting that the Pierce County Superior Court lacked jurisdiction to hear the matter. It was petitioners' position that respondents' action is directed at one of the state's institutions of higher education and, thus, pursuant to article 2, section 26 of the Washington State Constitution and RCW 4.92.010 the Thurston County Superior Court has sole jurisdiction to hear the cause.

The trial court denied petitioners' motion and the instant petition for a writ of prohibition ensued.

 The same issue was before us in *Centralia College Educ. Ass'n v. Board of Trustees*, 82 Wn.2d 128, 508 P.2d 1357 (1973). In *Centralia* we held that community colleges are a vital part of the state's system of higher education and that the state community college system is a state function. We held further that the character or nature of the action is not changed for jurisdictional purposes by the mere joinder of the board of trustees as a party defendant. That being the case, such an action against one of the districts of the state community college system, and its board of trustees, must be brought in Thurston County. Under RCW 4.92.010 a superior court sitting in any other county is without jurisdiction to hear the case.

We adhere to the position announced in *Centralia*. As we said there, we do not pass upon the merits of any issues

138

raised in respondent's complaint concerning the rights and duties of the parties under chapter 28B.52 RCW. These matters are not before us.

The trial court is reversed and the writ of prohibition shall issue.

HALE, C.J., FINLEY, ROSELLINI, HUNTER, HAMILTON, WRIGHT, and UTTER, JJ., concur.